## Fairey Motor Company, to use, v. Harter

*Stephen Devereux* and *C. Raymond Young*, for plaintiff.
*Jos. G. McKeone* and *P. J. Reilly*, for defendant.

WINDLE, J., November 19, 1934.—On July 6, 1934, the Sheriff of Chester County, by virtue of a writ of foreign attachment duly issued in the suit of Joseph L. Yeakel v. J. B. Harter, defendant, and J. Thomas Baker, garnishee, no. 82, September term, 1934, in the Court of Common Pleas of Chester County, attached in the hands of the garnishee, a certain Chevrolet automobile, alleged to be the property of said defendant, a resident of Florida. That attachment was not dissolved. On August 21, 1934, a writ of replevin for said automobile was issued at the direction of Fairey Motor Company to the use of General Motors Acceptance Corporation, the above-entitled plaintiff, and placed in the sheriff's hands for service. The sheriff has refused to serve the writ. J. B. Harter, the above-named defendant, has, through counsel, moved to quash it on the ground that said truck "was in the custody of the law" at the time said writ of replevin was issued, by virtue of the service of the writ of foreign attachment, and that therefore, under the provisions of the Act of April 3, 1779, 1 Sm. L. 470, said writ of replevin is irregular, erroneous, and void.

The act relied upon is as follows:

"All writs of replevin granted or issued for any owner or owners of any goods or chattels, levied, seized, or taken in execution, or by distress, or otherwise, by any Sheriff, Naval Officer, Lieutenant or Sub-lieutenant of the city of Philadelphia or of any county, Constable, Collector of the public taxes, or other officer, acting in their several offices under the authority of the state, are irregular, erroneous and void; and . . . all such writs may and shall, at any time after the service, be quashed (upon motion) by the court to which they are returnable, the said court being ascertained of the truth of the fact, by affidavit, or otherwise."

It will be noted that it provides for quashing writs that are irregular, erroneous, and void "at any time after the service". This writ has admittedly not been served, and it is doubtful therefore whether we could at this time quash it if we were inclined to. However, we do not base our refusal to quash on that ground, as will appear below.

This motion may not be granted. It has been held by the Supreme Court of this Commonwealth as far back as 1850 that goods seized under a writ of foreign attachment may be the subject of a writ of replevin. In Hays & Black v. Mouille & Company, 14 Pa. 48, the court so decided, approving the charge of the lower court, which spoke in part as follows (p. 54) : "The object of foreign attachment is to compel the appearance of the defendant, and for that purpose he is attached by his goods and chattels, &c. This is not such an absolute seizure of the goods as will prevent the issue of a replevin for the same goods; . . . ."

That charge specifically mentions the Act of 1779 and states that its provisions have not been extended to cases of foreign attachments; that "the object of that act was to prevent delay, and to protect the officers of the law from vexatious and protracted litigation, and not to deprive a third person of a valuable right".

Woodward in his book, Pennsylvania Law and Procedure in Replevin, published as late as 1929, says, at page 28, "There seems to be an arbitrary exception to the principle laid down in these cases, namely, that goods seized by virtue of a writ of foreign attachment are not within the protection of the act", citing Hays & Black v. Mouille & Co., supra. A diligent search has revealed no decision to the contrary, nor has counsel for the motion or representing the sheriff cited any authority compelling a different view. We are therefore bound by the case referred to and accordingly must hold that this writ of replevin was properly issued.          From Truman D. Wade, West Chester, Pa.